UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH R. VOSTRIRANCKY,

        Petitioner,

v.                                                   Case Number: 05-CV-70524
                                                    HONORABLE PATRICK J.
KURT JONES,                        DUGGAN

        Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 20, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Joseph R. Vostrirancky filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, challenges the sentence imposed for his convictions on three counts of second-degree criminal sexual conduct. For the reasons set forth below, the Court denies the petition.

**I.    Background**

Following a jury trial in the Circuit Court for Isabella County, State of Michigan, Petitioner was convicted of three felony counts of second-degree criminal sexual conduct and one misdemeanor count of accosting a child for immoral purposes. On October 25,

2002, the state court sentenced Petitioner as a second habitual offender to 14 to 22½ years imprisonment for each of the second-degree criminal sexual conduct convictions and one year imprisonment for the misdemeanor conviction, all to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claim:

> It was an abuse of discretion for the court to depart from the sentence guidelines range of 43 months to 107 months, by sentencing defendant to 168 months in prison for the reasons of lack of cooperation with the court and department of corrections and lack of remorse for victims.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *People v. Vostrirancky*, No. 245897 (Mich. Ct. App. June 15, 2004). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Vostrirancky*, 472 Mich. 852, 691 N.W.2d 457 (Mich. 2005).

Petitioner filed the pending petition for a writ of habeas corpus on February 9, 2005, presenting the following claim:

> The sentence imposed upon this Petitioner that exceeded his sentencing guideline range is unconstitutional as it was imposed by the Court because this Petitioner exercised his constitutional rights and other improper considerations.

**II.  Standard of Review**

Federal courts apply the following standard of review when reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a

> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light
> of the evidence presented in the State court
> proceedings.

28 U.S.C. § 2254(d). Section 2254 further provides that a habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) (holding that "We give complete deference to state court findings unless they are clearly erroneous"). A request for habeas relief only should be granted if a constitutional error had a "substantial and injurious effect or influence" on the state court proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993); *Hill v. Hofbauer*, 337 F.3d 706, 718(6th Cir. 2003).

## III. Applicable Law and Analysis

Petitioner claims that his constitutional rights were violated when the sentencing judge departed upward from the 43 to 107 months sentence recommended by Michigan's

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct.

sentencing guidelines and imposed a sentence between 14 to 22½ years for each of Petitioner's second-degree criminal sexual conduct convictions.  Specifically, Petitioner claims that his Fifth Amendment right to be free from compelled self-incrimination and his right to due process were violated when the state court, in deciding an appropriate sentence, considered Petitioner's failure to cooperate with the probation officer and refusal to sign Michigan's sex offender registration form.  Petitioner also claims that his Sixth Amendment rights were violated because the sentencing judge also considered Petitioner's attack on the credibility of his accusers during the trial.

A federal court's review of a state court imposed sentence is narrow on habeas review.  "[F]ederal habeas corpus review does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990).  ". . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991).  Therefore, a sentence imposed within a state's statutory limits generally is not subject to habeas review. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001)(citing *Townsend v. Burke*, 334 U.S. 736, 741, 68 S. Ct. 1252 (1948)).  A defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *see also Whitfield*, 157 F. Supp. 2d at 761 (cases cited therein).  Accordingly, the trial court's departure above Michigan's sentencing

guideline range in Petitioner's case, by itself, may not form the basis for habeas corpus relief. *Doyle*, 347 F. Supp. 2d at 485. As will be discussed *infra*, however, a petitioner may be entitled to habeas relief if the trial court imposed a harsher sentence as punishment for the petitioner's exercise of a federal constitutional right.

     The Court first will address Petitioner's claim that his Fifth Amendment right to be free from compelled self-incrimination was violated when the sentencing judge considered his failure to cooperate with the probation officer and refusal to sign Michigan's sex offender registration form in imposing the sentence. The Fifth Amendment's guarantee extends to the sentencing phase of a trial. *Ketchings v. Jackson*, 365 F.3d 509, 512 (6th Cir. 2004)(citing *Mitchell v. United States*, 526 U.S. 314, 328-29, 119 S. Ct. 1307 (1999)). However, "the Fifth Amendment privilege against compelled self-incrimination is not self-executing." *Roberts v. United States*, 445 U.S. 552, 559, 100 S. Ct. 1358, 1364 (1980). In *Roberts*, the defendant pleaded guilty to drug-related crimes. In sentencing the defendant, the court considered that the defendant was a drug dealer who refused to cooperate with the government. On appeal, the defendant argued that his failure to cooperate was justified by fears of self-incrimination and asserted that the district court punished him for exercising his Fifth Amendment privilege against self-incrimination. The Supreme Court held that defendant's failure to assert the Fifth Amendment privilege at the time of sentencing constituted a waiver of those rights, finding that "if petitioner believed that his failure to cooperate was privileged, he should have said so at a time when the sentencing court could have determined whether his claim

was legitimate." *Id.* at 554-55, 100 S. Ct. at 1361.

Similarly, in the trial court in this case, Petitioner failed to assert his Fifth Amendment privilege against self-incrimination as the basis for his refusal to cooperate with the probation officer and to sign Michigan's sex offender registration form. Instead, at his sentencing, Petitioner's attorney attributed Petitioner's failure to cooperate to his general distrust of others. *See* 10/25/02 Tr. at 5-8. Absent an assertion of his Fifth Amendment privilege, it was proper for the court to consider Petitioner's lack of cooperation as relevant to his rehabilitation. *Roberts*, 445 U.S. at 559, 100 S. Ct. at 1363. Therefore, this claim may not form the basis for habeas relief.

Petitioner also claims that the sentencing court violated his constitutional rights when it considered his lack of remorse at sentencing. While Michigan law prohibits a sentencing judge from considering a defendant's lack of remorse in determining a sentence, *see People v. Daniel,* 462 Mich 1, 609 N.W.2d 557 (2000), there is no similar prohibition under Federal law. *Ketchings*, 365 F.3d at 512-13; *see also Bergman v. McCaughtry*, 65 F.3d 1372, 1379 (7th Cir. 1995). Therefore, Petitioner's claim that the trial court improperly enhanced his sentence based upon his lack of remorse fails to state a claim upon which habeas relief may be granted.

Finally, Petitioner claims that the sentencing judge improperly enhanced his sentence based on Petitioner's exercise of his constitutional right to present a defense. "A sentence is unconstitutionally vindictive if it imposes greater punishment because the defendant exercised a constitutional right, such as the right to jury trial or the right to

appeal." *Williams v. Jones*, 231 F. Supp. 2d 586, 598 (2002)(citing *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S. Ct. 2072 (1969)). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . ." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 668 (1978)(citing *North Carolina v. Pearce*, 395 U.S. 711, 738, 89 S. Ct. 2072, 2082 (1969)(Black, J., concurring in part and dissenting in part)). The right of a defendant to present a defense has long been recognized as "a fundamental element of due process of law." *Washington v. State*, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923 (1967). Additionally, a defendant's rights under the Sixth Amendment's Confrontation Clause includes the right to effectively cross-examine witnesses and test their credibility. *Davis v. Alaska*, 415 U.S. 308, 94 S. Ct. 1105 (1974).

As required by Michigan Supreme Court Administrative Order, the sentencing judge completed a "Sentencing Information Report Departure Evaluation" form explaining the aspects of the case persuading it to impose a sentence outside the recommended guideline range. *See* Petitioner's Brief on Appeal to the Mich. Ct. Appeals, Ex. 3. On the form, the sentencing judge enumerated the following factors:

1. Lack of cooperation post trial/conviction with Court and DOC.
2. Prior lack of cooperation with Court in Case # 01-371-SM.
3. Lack of remorse for victims.

*See id.* The transcript from Petitioner's sentencing suggests that the trial court based this last factor primarily on what the court believed to be Petitioner's "merciless attacks on the

7

credibility of the victims in this case . . ." *See* 10/25/2002 Tr. at 16. Petitioner therefore argues that the court impermissibly departed upward from the sentencing guidelines based on his exercise of his constitutional right to present a defense.

In reviewing this claim on direct appeal, however, the Michigan Court of Appeals found "it abundantly clear that the trial court would have imposed this same sentence even without its reliance on defendant's lack of remorse [for victims]." A state court's findings of fact are binding in a federal habeas corpus proceeding unless they are rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The record in this case does not provide such clear and convincing evidence and thus this Court must accept the state appellate court's finding that the trial court would have handed down the same sentence even if it had not considered this last factor. As set forth *supra*, this Court applies the same harmless error standard to evaluate Petitioner's request for habeas relief. The Court therefore finds that, even if the trial court committed a constitutional error by considering Petitioner's exercise of his right to vigorously cross-examine his accusers, that error was harmless as it did not have a "substantial and injurious effect or influence" on Petitioner's sentence.

For the above reasons,

**IT IS ORDERED** that Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 is **DENIED**.

                s/PATRICK J. DUGGAN
                UNITED STATES DISTRICT JUDGE

Copies to:
Joseph Vostrirancky, #377083
Carson City Correctional Facility
10522 Boyer Road
Carson City, MI 48811

Debra Gagliardi, Esq.