UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH R. VOSTRIRANCKY,

    Petitioner,                              Civil Case No. 05-70524
                                             HONORABLE PATRICK J. DUGGAN

v.

KURT JONES,

    Respondent,
_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 18, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Petitioner Joseph R. Vostrirancky filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court subsequently denied on June 20, 2006. Petitioner seeks to appeal the Court's decision with respect to one of the issues presented in his habeas petition. He therefore filed a motion on July 13, 2006, seeking a certificate of appealability from this Court. 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> "[T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists

>of reason; that a court <u>could</u> resolve the issues [in a different manner] or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983)(quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)(internal citation and quotation marks omitted)). As the Supreme Court more recently stated, when a district court denies a habeas petition on the merits of the claims, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 520 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

    This Court dismissed Petitioner's application for a writ of habeas on its merits. In one of his claims, Petitioner claimed that his Fifth Amendment right to be free from compelled self-incrimination was violated when the state court, in deciding an appropriate sentence, considered Petitioner's refusal to sign Michigan's sex offender registration form. Relying on *Roberts v. United States*, 445 U.S. 552, 559, 100 S. Ct. 1358, 1364 (1980), the Court found no merit to Petitioner's argument, concluding that the privilege against compelled self-incrimination is not self-executing and that Petitioner's failure to assert his Fifth Amendment privilege at the time of sentencing constituted a waiver of those rights. The Court concludes that a certificate of appealability is warranted. While the Court continues to believe that Petitioner is not entitled a writ of habeas corpus for the reasons set forth in its Opinion and Order of June 20, 2006, the Court believes that the issue may be "debatable among jurists of reason." For this reason, the Court does not

2

believe that Petitioner should be denied the opportunity to seek appellate review of this issue.

Accordingly, the Court holds that Petitioner is entitled to a certificate of appealability with respect to whether his Fifth Amendment right to be free from compelled self-incrimination was violated when the state court, in deciding an appropriate sentence, considered Petitioner's refusal to sign Michigan's sex offender registration form.

**SO ORDERED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Joseph R. Vostrirancky, #377083
Carson City Correctional Facility
10522 Boyer Road
Carson City, MI 48811

Debra Gagliardi, Assistant Attorney General